505 A.2d 305

Walter L. DRUMHELLER, Franklin W. Drumheller and Betty Jean Armbruster, Executors of the Estate of Elizabeth P. Rothman, Deceased, Appellants,

v.

David MARCELLO, Administrator of the Estate of Sidney J. Rothman, Deceased, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed Feb. 20, 1986.

Michael Edridge, Palmerton, for appellants.

John R. Mondschein, Allentown, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WIEAND, Judge:

Does a wife's death at the hands of her husband, who then takes his own life, cause the abatement of a claim for equitable distribution in a pending divorce action? The trial court held that the claim had been aborted by the death of the parties and granted a motion to dismiss the divorce action. We affirm the order dismissing the causes of action for divorce and equitable distribution. However, the abatement of these causes of action does not prevent recovery on a pending claim for counsel fees if the deceased wife's estate is otherwise entitled thereto.

Sidney J. Rothman and Elizabeth P. Rothman were married on February 13, 1969. No children were born of this union. However, both spouses were survived by children of prior marriages. On April 28, 1983, Elizabeth commenced an action in divorce against Sidney in which she sought, in addition to a decree in divorce, an equitable distribution of marital property. The complaint also contained a request for counsel fees. On December 10, 1983, Sidney filed an answer and counterclaim. Pursuant to court order thereafter entered, Elizabeth was permitted to occupy the parties' condominium in Pompano Beach, Florida, from February 15, 1984 to April 1, 1984. Shortly after she entered the condominium on February 15th, Elizabeth was shot and killed by Sidney who had been waiting for her inside the condominium. Sidney then turned the gun on himself and took his own life.

Walter L. Drumheller, Franklin W. Drumheller, and Betty Jean Armbruster, children of Elizabeth by a prior marriage, were appointed executors of Elizabeth's estate and were substituted as party plaintiffs in the divorce action. David Marcello was appointed administrator of Sidney's estate and was subsequently substituted as defendant in the divorce action. On July 11, 1984, a motion was filed to dismiss the divorce and all ancillary claims. The motion was granted on January 15, 1985. This appeal by the executors of Elizabeth's estate followed.

"[P]ending divorce actions are abated by the death of one of the parties." *Haviland v. Haviland*, 333 Pa.Super. 162, 163, 481 A.2d 1355, 1356 (1984). See also: *Segars v. Brooks*, 248 Ga. 427, 284 S.E.2d 13 (1981); *Howsden v. Rolenc*, 219 Neb. 16, 360 N.W.2d 680 (1985); *Jacobson v. Jacobson*, 146 N.J.Super. 491, 370 A.2d 65 (1976). This Court has made it clear that "[u]nless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property." *Laxton v. Laxton*, 345 Pa.Super. 450, 455, 498 A.2d 909, 912 (1985). See also: *Dech v. Dech*, 342 Pa.Super. 17, 492 A.2d 41 (1985); *Mandia v. Mandia*, 341 Pa.Super. 116, 491 A.2d 177 (1985). Accord: *Bacchetta v. Bacchetta*, 498 Pa. 227, 235, 445 A.2d 1194, 1198 (1982) ("equitable distribution of property acquired during the marriage occurs only upon divorce ...""). Cf. *Pastuszek v. Pastuszek*, 346 Pa.Super. 416, 499 A.2d 1069 (1985) (death of one party prior to determination of ancillary matters did not abate ancillary matters where decree in divorce had been entered and was no longer subject to modification); *Hall v. Hall*, 333 Pa.Super. 483, 482 A.2d 974 (1984) (death of one party while direct appeal from entry of divorce decree was pending did not cause divorce action to be abated).

■ At the time Elizabeth was killed, a decree in divorce had not been entered. The divorce action, therefore, abated upon her death. Elizabeth's claim for equitable distribution was also abated by death. There can be no equitable distribution of marital property except upon the entry of a decree in divorce.

■ Appellants argue that to allow the claim for equitable distribution to abate will enable Sidney to benefit by his own wrong. They suggest that Section 401(c)[1] of the Divorce Code,[2] which vests broad equitable powers in a court having jurisdiction over an action in divorce, should be

1. 23 P.S. § 401(c).
2. Act of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq.

interpreted to authorize a court to make equitable distribution under the facts of this case. We reject this argument.

■ The broad powers vested in a divorce court by Section 401(c) were to be exercised to "effectuate the purposes of [the Divorce Code]." The power of a court to distribute marital property exists only in the context of a divorce action. Indeed, " 'marital property' does not survive death. If a party to a pending dissolution proceeding dies, there is nothing left upon which the court's jurisdiction can operate." 24 Am.Jur.2d *Divorce and Separation* § 877 (1983). Neither Section 401(c) nor any other portion of the Divorce Code was intended to preserve the power of a court to distribute property to or among the heirs of a spouse who has died before a divorce has been decreed. The Divorce Code was not designed to distribute property of a deceased spouse.

■ With respect to property owned at the time of death by one spouse who has been killed by the other spouse, the rights of the decedent's heirs are determined by the Slayers Act, 20 Pa.C.S. § 8801 et seq. With respect to such a factual scenario, the Divorce Code is silent. The property of spouses after one of them has died is no longer marital property and cannot be distributed by a court in which an action of divorce is pending but not decided.

■ An award of counsel fees, however, does not depend upon the granting of a decree in divorce. *Campana v. Campana*, 186 Pa.Super. 472, 142 A.2d 169 (1958). Such an award is based upon the need of one party and the ability of the other to pay. *Semasek v. Semasek*, 331 Pa.Super. 1, 479 A.2d 1047 (1984), *rev'd on other grounds*, 509 Pa. 282, 502 A.2d 109 (1985). The death of a party to a divorce does not necessarily extinguish the need for an award of counsel fees. The estate of a deceased party may nevertheless remain liable to an attorney for services which have been rendered in the divorce action. In an appropriate case, therefore, a court may award counsel fees even after the divorce action has abated because one of the parties has

died. See: *Fulton v. Fulton,* 204 N.J.Super. 544, 499 A.2d 542 (1985). Contra: *Louthian & Merritt, P.A. v. Davis,* 272 S.C. 330, 251 S.E.2d 757 (1979). Such an order is not precluded by any provision of the Divorce Code.

The order dismissing the causes of action for divorce and equitable distribution is affirmed, without prejudice, however, to the right of the appellant estate to pursue a claim for counsel fees.