506 A.2d 471

**Chaney R. REESE, Appellant,**

v.

**Edith F. REESE, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed March 21, 1986.

522

Anthony J. Gerace, Jr., State College, for appellant.
Ronald Katzman, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WIEAND, Judge:

Where a divorce court, pursuant to a husband's request, has ordered a division of marital property owned by husband and wife as tenants by the entireties, and the parties, without appeal, have acted in reliance thereon, what is the effect of the wife's death before a decree in divorce has been entered? The divorce court denied a motion to strike the order of distribution, and also a monetary judgment

which had been entered pursuant thereto, and enjoined the surviving husband from interfering with the disposition of property in the manner directed by the prior court order. The husband appealed.

Chaney R. Reese and Edith F. Reese were married on May 8, 1954. During succeeding years they worked hard and were able to accumulate substantial property to which they took title jointly as tenants by the entireties. Included, among other things, were a dairy farm in Centre County, one hundred acres of land in Blair County, and two citrus groves in Florida. The parties also owned Alva Trucking, Inc., whose corporate shares were owned 51% by Chaney and 49% by Edith. In addition, they owned a substantial amount of farm equipment, livestock and two automobiles. On December 2, 1980, Chaney filed an action in divorce which contained a request for equitable distribution of all marital property. At Chaney's specific request, the trial court agreed to hear the property claims without prior reference to a master. On April 5, 1984, a comprehensive opinion was filed and an order entered as follows:

1. The following property is awarded to Chaney R. Reese, free and clear of any interest or claim on behalf of Edith F. Reese:

(a) The property, located in Alva, Florida, referred to in this Opinion as the Florida Property, complete with all improvements, crops, equipment and personalty presently located thereon.

(b) The stock, and assets, of Alva Trucking, Inc.

(c) The right to receive all income from agreements made with the Brodzina brothers, which has not yet been paid pursuant to the agreements. (This sum is not intended to, and does not include the check for $20,000.00 made payable to both parties, which was received as a result of the sale of some of the subject cattle at auction).

(d) The life insurance policies, with the present cash value of $4,100.00.

(e) The Oldsmobile he is presently driving.

2. The obligation to pay off Plaintiff's debt to Farmer's Community Bank is the sole responsibility of Chaney R. Reese.

3. The following property is awarded to Edith F. Reese, free and clear of any interest or claim on behalf of Chaney R. Reese:

(a) The property, located in Halfmoon Township, referred to in this Opinion as the Halfmoon Farm, complete with all improvements, crops, equipment and personalty presently located thereon.

(b) The property, located in Snyder Township, referred to in this Opinion as the Bald Eagle Property, complete with all improvements, crops, equipment and personalty presently located thereon.

(c) The stock in PCA and the FLB, which has been received, or will be received as a result of the financing agreements with these organizations.

(d) The check for $20,000.00 which is payable to both parties, which was received when some of the cattle conveyed to the Brodzina brothers was sold at auction.

(e) The Datsun she is presently driving.

4. The obligation to pay off the following debts is the sole responsibility of Edith F. Reese:

(a) All money presently owed to Protection Credit Association.

(b) All money presently owed to the Federal Land Bank.

5. The crops which are forthcoming, as a result of the parties' participation in the payment-in-kind program shall be the sole property of Edith F. Reese.

6. The right to receive all income from the contracts involving the sale of crops presently growing in Florida shall belong exclusively to Chaney R. Reese.

7. The funds which were discussed in this Opinion, as having already been appropriated for personal use by each party ($7,000.00 by Plaintiff; $1,800.00 by Defendant) shall be retained by each party, respectively.

8. All transfers necessary to effectuate this Order, including title to the stock in Alva Trucking, Inc., and the title to the Chevy one ton pickup presently titled in both names, are to be made within sixty (60) days of the effective date of this order. All costs incurred in effectuating this Order are to be shared equally by the parties.

9. Chaney R. Reese is required to pay to Edith F. Reese, her heirs, successors or assigns, no later than December 31, 1984, the sum of One Hundred Seventy Two Thousand Nine Hundred Twenty Dollars ($172,-920.00) plus Fifty Two Dollars and Eleven Cents ($52.11) for each day that elapses between the effective date of this Order, and the date that this debt is paid in full.

Edith filed exceptions to this order; Chaney did not. Although several technical corrections were made as a result of Edith's exceptions, there were no substantive changes in the decree of distribution. Thereafter, no appeal was filed, and the parties took sole possession of the properties awarded to them. On December 14, 1984, Edith died. She died a married woman; a decree in divorce had not been granted.

On January 11, 1985, pursuant to a petition for special relief filed on behalf of Edith's estate, the court entered a decree nisi directing Chaney to "perform in accordance with the ... order dated April 5, 1984, regarding the equitable distribution of the marital property, and to refrain from entering upon, interfering with, or disposing of the property of Edith F. Reese...." Chaney filed exceptions and a petition to vacate the order of equitable distribution. Both were dismissed on April 8, 1985. This appeal followed.

■ The Divorce Code of 1980 [1] established a comprehensive scheme for the dissolution of marriage, the distribution of marital property, and the resolution of related economic claims. Within that scheme it is contemplated that "equitable distribution of property acquired during the marriage occurs *only upon divorce....*" *Bacchetta v. Bac-*

1. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq.

*chetta,* 498 Pa. 227, 235, 445 A.2d 1194, 1198 (1982) (emphasis added). "The determination of economic claims flows from the divorce decree, which is the *sine qua non* of any consideration of economic matters." *Pastuszek v. Pastuszek,* 346 Pa.Super. 416, 424, 499 A.2d 1069, 1073 (1985). "This Court has made it clear that '[u]nless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property.'" *Drumheller v. Marcello,* 351 Pa.Super. 139, 142, 505 A.2d 305, 306 (1986) quoting *Laxton v. Laxton,* 345 Pa.Super. 450, 455, 498 A.2d 909, 912 (1985). See also: *Dech v. Dech,* 342 Pa.Super. 17, 492 A.2d 41 (1985); *Mandia v. Mandia,* 341 Pa.Super. 116, 491 A.2d 177 (1985). Since a marriage may be dissolved by death or divorce, *Haviland v. Haviland,* 333 Pa.Super. 162, 163, 481 A.2d 1355, 1356 (1984), a pending divorce action is abated by the death of one of the parties, for after death there is no marital relationship remaining to be dissolved. See: *Drumheller v. Marcello, supra,* 351 Pa.Superior Ct. at 143, 505 A.2d at 306; *Haviland v. Haviland, supra.* Economic claims for equitable distribution of marital property are likewise abated by the death of one of the spouses prior to the entry of a divorce. *Drumheller v. Marcello, supra,* 351 Pa.Superior Ct. at 142, 505 A.2d at 306–307; *Pastuszek v. Pastuszek, supra,* 346 Pa.Superior Ct. at 424, 499 A.2d at 1073; *Haviland v. Haviland, supra,* 333 Pa.Superior Ct. at 164, 481 A.2d at 1357. See also: *Oswald v. Olds,* 342 Pa.Super. 495, 493 A.2d 699 (1985).

It seems clear, therefore, that the Chaney divorce action was abated by Edith's death. It is also clear that the entry of a decree of equitable distribution prior to the entry of a divorce decree was ill-advised. See: *Dech v. Dech, supra.* Still, neither party objected to the untimeliness of the distribution order, and both parties appear to have acted in reliance upon it. Chaney requested the court to hear his request for equitable distribution without prior submission to a master. He filed no exceptions to the court's decree of distribution and filed no appeal from the order which, at least on its face, appeared to be a final order of distribution.

Thereafter he took sole possession of the Florida property awarded to him by the court and offered no defense to the monetary judgment entered against him pursuant to the order of distribution.

When appellant failed to file an appeal from the distribution order which, according to its terms, was a final order, the order became binding upon the parties.

Appellant argues, however, that the trial court lacked jurisdiction to enter an order awarding equitable distribution of marital property before a decree in divorce was entered. The courts of common pleas have been given jurisdiction to hear and decide divorce actions and related economic claims by Section 301(a) of the Divorce Code of 1980. A claim for equitable distribution, it is true, is not to be decided separately but in conjunction with the granting of a divorce decree. To enter a decree of equitable distribution prior to a divorce decree, as we have observed, is improper. This is primarily so because, as this case demonstrates, if a party dies before a decree in divorce is entered, trying to remove the parties from positions taken following a decree of distribution and restore them to positions occupied prior to such a decree would be like putting Humpty Dumpty together again. See: *Dech v. Dech, supra,* 342 Pa.Superior Ct. at 22, 492 A.2d at 43.

In this case the appellant-husband invoked the jurisdiction of the court, received the relief which he requested, and acted upon the court's order. Under these circumstances he will not be heard to say that the court lacked jurisdiction to act. He will not be permitted to "blow hot and cold" by now taking a position inconsistent with that by which he previously induced the trial court to act in distributing the marital property. Cf. *Kazin v. Kazin,* 81 N.J. 85, 94, 405 A.2d 360, 365 (1979). The rule is clear that where a "court has general jurisdiction of the subject matter of a controversy, a party at whose instance a judgment is rendered or a decree made is not entitled to contend in a collateral proceeding that it is invalid for want of jurisdiction in some

particular." 28 Am.Jur.2d *Estoppel and Waiver* § 73 (1966). See: *Kazin v. Kazin, supra* (spouse obtaining foreign divorce decree cannot collaterally attack jurisdiction of court which rendered it); *Laird v. State,* 79 Tex.Crim. 129, 184 S.W. 810, 3 A.L.R. 522 (1916) (divorce decree not subject to attack on jurisdictional grounds by spouse who obtained it where, in criminal action, former wife's competency as witness is in issue). See also: *Starbuck v. Starbuck,* 173 N.Y. 503, 66 N.E. 193 (1903); *Julier v. Julier,* 62 Ohio St. 90, 56 N.E. 661 (1900). Accord: *Rosen v. Sitner,* 274 Pa.Super. 445, 418 A.2d 490 (1980). See generally: 14 P.L.E. *Estoppell* § 41 (1959). It was because of this rule and consistently therewith that the trial court observed:

Up and until the death of the Defendant, both parties cooperated with the equitable distribution. *Both parties willingly agreed to bifurcate the economic issues from the entire divorce action and to permit the equitable distribution to occur before the issuance of a final divorce decree. Neither party requested that the finality of the Equitable Distribution Order be contingent and effective upon the issuance of the final divorce decree.* As a matter of fact, Plaintiff recognized the finality and permanancy [sic] of the equitable distribution in his Request for Special Relief of September 12, 1984, wherein he stated that the Equitable Distribution Order "is controlling upon the parties and equitably adjusts their respective property interests and financial obligations to one another and obviously does not contemplate any further obligation by Chaney R. Reese to pay support payments to Edith F. Reese[.]" Now, only after the death of the Defendant, and in an attempt to have title to the marital property revert to him as the survivor to a tenancy by the entireties, Plaintiff does not recognize the order as being final and permanent, but instead only as contingent upon the issuance of a final divorce decree[.]

Trial court opinion of April 8, 1985 at 3 (emphasis added).

We hold, therefore, that one who requests pre-divorce equitable distribution, who receives the relief he has re-

quested, and who acts to receive the benefits of an order distributing marital property is thereafter estopped from denying the jurisdiction of the court to enter the order prior to divorce. The efficacy of the decree of equitable distribution is not destroyed by the intervening death of the other party and the resulting abatement of the action for divorce. The trial court correctly refused to set aside and vacate the order of April 5, 1984 which distributed marital property.

The order is affirmed.