519 A.2d 514

**Nancy Parker SHAZES a/k/a Nancy Baltuskonis, Appellant,**

**v.**

**Gerald Joseph BALTUSKONIS, Appellee.**

Superior Court of Pennsylvania.

Argued May 15, 1986.

Filed Jan. 6, 1987.

Esther L. Hornik, Philadelphia, for appellant.

Kenneth C. Taylor, Wayne, for appellee.

Before CAVANAUGH, WICKERSHAM and ROBERTS, JJ.

CAVANAUGH, Judge:

This appeal is from an order granting special relief pursuant to Sections 401(c) and 403(a) of the Divorce Code regarding possession of the parties' marital residence pending the resolution of remaining equitable distribution and alimony issues. Because this order is interlocutory in nature, this court is without jurisdiction to entertain the appeal and it must be quashed.

The Supreme Court has recently addressed the issue of appealability of interim orders in divorce cases in *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). It held in *Fried* that an order granting interim counsel fees and expenses, under Section 502 of the Divorce Code, is not immediately appealable since it is not a final order and does not fall within the exception to the final judgment rule as stated in *Bell v.*

*Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975) and *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

The court expressed its abhorrence for a procedural practice in matrimonial actions which would allow for the taking of interlocutory appeals and unacceptable protraction of litigation. It noted that the "disastrous result of permitting appeals of grants of interim relief" was demonstrated by the facts of the case before it. Similarly, we observe that the appeal of the order in the instant case has served to unduly delay final resolution of the parties' property interests. A decree in divorce was entered on June 1, 1984. The court retained jurisdiction over the property and alimony issues and ordered that a master's hearing be promptly scheduled. The parties then continued the scheduled hearings on several occasions over a six-month period pending resolution through negotiation. During this time foreclosure proceedings were commenced against the marital residence in which appellant-wife had been living. Appellee-husband on July 5, 1985 filed for special relief awarding him possession of the home in return for his bringing all mortgage payments up to date. This petition was granted on July 17, 1985, and is the subject of the instant appeal. On September 26, 1985 the lower court filed its opinion in support of the July 17th order and granted appellant's application for supersedeas in order to preserve the status quo pending appeal. Nonetheless, the parties in their briefs agree that appellant was no longer residing in the home, commencing at the latest on November 15, 1985.

As the above chronology illustrates, the instant appeal has delayed final disposition, while serving no purpose for either party, since whatever benefit the supersedeas may have bestowed on appellant, the status quo has not been maintained.

There exists no basis to distinguish between interim awards of counsel fees and other interim orders. The *Fried* opinion speaks in terms of interim orders in general and the adverse effect interlocutory appeals have upon the progress

of a matrimonial case.[1] The Supreme Court has declared a clear policy against piecemeal litigation and we see no basis for the exercise of appellate jurisdiction upon this record.

Appeal quashed.

1. A decision by this court in *Laczkowski v. Laczkowski,* 344 Pa.Super. 154, 496 A.2d 56 (1985), which preceded the decision of the Supreme Court in *Fried,* allowed an interlocutory appeal of an interim order. To the extent *Laczkowski* is inconsistent with the holding in *Fried,* it no longer appears to be good law.