621 A.2d 604

**Marianne F. McDONALD**

v.

**Gerald F. McDONALD, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1992.

Filed Jan. 26, 1993.

Reargument Denied March 31, 1993.

Kim L. White, Asst. Public Defender, Lancaster, for appellant.

Christopher C. Straub, Lancaster, for appellee.

Before CIRILLO, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Husband appeals from the May 18, 1992 Order granting wife's request for interim counsel fees[1] and directing him to pay wife's counsel $8,000 within fifteen (15) days of the date of the Order.

The parties were married on February 1, 1958 and separated on or about January 12, 1991, when appellant left the marital residence. The parties' four children are all emancipated. On February 21, 1991, wife filed for divorce and after a hearing before a domestic relations officer, by Order dated April 24, 1991, husband was directed to pay support/alimony pendente lite and arrearages and the college tuition of their daughter. On December 13, 1991, wife filed a petition for interim counsel fees and, upon submission of memoranda regarding the issue, the court entered the Order which is the subject of this appeal.

Husband argues the court abused its discretion by awarding wife $8,000 counsel fees and contends further the May 18, 1992 Order is a nullity in light of wife's death prior to the entry of a divorce decree. We disagree.

1. We recognize interim counsel fee Orders are generally interlocutory and as a rule not appealable. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). However, in this case appellee died three weeks after the Order was entered and prior to the entry of a divorce decree thereby making the Order final and subject to review by this Court.

■ In determining the propriety of an award of counsel fees in a divorce action this Court uses an abuse of discretion standard of review. *Williamson v. Williamson,* 402 Pa.Super. 276, 586 A.2d 967 (1991); *Johnson v. Johnson,* 365 Pa.Super. 409, 529 A.2d 1123 (1987). An award of counsel fees is not granted automatically but is appropriate when necessary to put parties on equal footing in defending their rights or to allow a dependent spouse to maintain or defend a divorce action. *Johnson, supra.* We find the $8,000 award accomplished that end.

■ Although the 55–year old appellee had completed two years of college, she never worked during the parties' 34–year marriage and, at the time the Order was entered, had been diagnosed with terminal cancer and had been hospitalized repeatedly for surgery. Appellant represented appellee's sole source of income and, as appellee testified, as a consequence of appellant's delinquent payments, she was forced to borrow approximately $5,000 to satisfy bills which had accumulated during the parties' separation. The testimony of appellant, a 56–year old independent contractor whose business procuring lease agreements earned him salaries in excess of $60,000 during the years 1989 and 1990, albeit suffering a severe earnings reduction in 1991, was found completely incredible. (Slip Op., Hummer, J., 8/21/92, p. 5.) This finding by the court was particularly applicable to husband's testimony regarding the whereabouts of liquid assets totaling approximately $120,000 with which he absconded after the parties' separation and deposited out of state and, at the time of the hearing, was conveniently unable to locate. Moreover, the court found most of the counsel fees incurred by appellee were the result of her efforts to locate the funds appellant had secreted in a Michigan bank and/or exhausted. Based on these facts and our review of the record, we find the trial court did not abuse its discretion by awarding counsel fees to the wife for the divorce action.

■ We also find appellee's untimely demise did not render the counsel fees award a nullity and appellant's reliance on *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985), is misplaced.

In justifying its finding Orders of interim counsel fees are interlocutory and therefore not immediately appealable, the *Fried* Court reasoned any possible errors of interim relief may be adjusted during final settlement via equitable distribution, alimony or the final award of attorneys' fees and costs. *Id.* at 96, 501 A.2d at 215. Husband argues because the divorce action abated upon appellee's demise, any funds he expended to pay interim counsel fees are not recoverable.

We disagree with appellant's reasoning and find *Fried* inapplicable to the matter before us as we have ruled the award of counsel fees to wife's attorney was proper and incurred for services already performed and, therefore, a fixed obligation of the husband regardless of the fact the divorce proceeding was abated by wife's demise. Additionally, this Court in 1986 stated an award of counsel fees is based upon the need of one party and the ability of the other party to pay and, therefore, an award does not depend upon the granting of a decree in divorce and in appropriate cases may be awarded even after the divorce action has abated because one of the parties has died. "The death of a party to a divorce does not necessarily extinguish the need for an award of counsel fees. The estate of a deceased party may nevertheless remain liable to an attorney for services which have been rendered in the divorce action. In an appropriate case, therefore, a court may award counsel fees even after the divorce action has abated because one of the parties has died." *Drumheller v. Marcello,* 351 Pa.Super. 139, 143, 505 A.2d 305, 307 (1986), *reversed on other grounds,* 516 Pa. 428, 532 A.2d 807 (1987). Continuing with this line of reasoning, it follows had we found an award of counsel fees inappropriate, which we did not so find, appellee's attorney would be free to sue the estate to recover the debt incurred by appellee prior to her death, thereby reducing husband's guaranteed statutory share of his wife's estate by $8,000.

Lastly, we note with disfavor the fact appellant failed to comply with the May 18, 1992 Order directing him to pay $8,000 within 15 days, that is June 2, 1992. Only through his wife's unfortunate passing on June 7, 1992, and this appeal has

appellant escaped being found in contempt. In that respect, we could find the appeal interlocutory, as sanctions have not been applied, except that the court below granted a supersedeas as to all financial considerations allowing an appeal to be taken because of the quandary created by the death of wife. The trial court believes this appeal to be interlocutory because the decree had not been entered, but final because of the abatement of the divorce action due to the death of the wife which divests the court of jurisdiction. Because a remand of the case could only result in a delay of the disposition of the issue of counsel fees, with further action against the husband and wife's estate under a theory of marital debt, for the sake of judicial economy, we find a resolution at this time appears most appropriate.

Appellee requests the court remand this matter with the sole directive to recalculate appropriate counsel fees which, appellee contends, is $9,916 and not $8,000 as set forth in the court's Opinion (Slip Op. at 6).

Our review of the record and, in particular those notes of testimony referred to by the trial court, indicates the counsel fee amounts discussed by the parties were $7,850 and $7,800, respectively (N.T., 1/14/92, p. 76, and 3/23/92, p. 201). Without further documentation of an alleged mathematical error we are constrained to deny appellee's request for a remand and affirm the award for $8,000.

Based on the reasons of fact and law set forth above we find the court did not abuse its discretion by awarding appellee $8,000 counsel fees and her subsequent demise did not relieve appellant of that obligation.

Order affirmed.