675 A.2d 1281

**Randy H. GRIM, Appellant**

v.

**Pamela J. GRIM, Deceased.**

Superior Court of Pennsylvania.

Submitted March 18, 1996.

Filed May 8, 1996.

J. Christian Ness, York, for appellant.

Karen L. Semmelman, York, for appellee.

Before BECK, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge.

Husband, Randy S. Grim, appeals from the October 13, 1995 Order directing him to pay $3,510.25 to Attorney Karen L. Semmelman, who represented wife in husband's divorce action. The question before this Court is whether wife's attorney may proceed in her own right, under the captioned divorce action, following the death of her client and prior to

the entry of a divorce decree or resolution of related economic issues, to collect counsel fees from the surviving spouse.

Husband commenced the action on October 24, 1989. Wife retained Attorney Semmelman to represent her, but thereafter died on September 20, 1991, before the resolution of the divorce proceedings. Upon petition of counsel, and after a determination of the parties' economic situations as they existed prior to wife's death, the trial court granted relief to Semmelman reasoning wife's death did not abate the issue of the counsel fees, the fees were reasonable, and the parties' economic circumstances were such that would support an award of fees in wife's favor. (Slip Op., Brillhart, J., 10/13/95, p. 3.)

 In appropriate situations, the trial court may award counsel fees even after a divorce action has been abated because one of the parties has died. *Drumheller v. Marcello,* 351 Pa.Super. 139, 505 A.2d 305 (1986) (*reversed on other grounds,* 516 Pa. 428, 532 A.2d 807 (1987)). The *Drumheller* court made this finding when faced with a factual scenario wherein husband killed his estranged wife and then took his own life, adding *"[t]he estate of a deceased party may nevertheless remain liable to an attorney for services which have been rendered in a divorce action." Id.* at 142, 505 A.2d at 307 (emphasis added). Therefore, while Semmelman may be entitled to recover fees for legal services rendered, her claim is against wife's estate as she cannot proceed against husband for a debt which he did not incur and for which he is not legally responsible. Semmelman's reliance on *McDonald v. McDonald,* 423 Pa.Super. 422, 621 A.2d 604 (1993), wherein the court found surviving husband liable for wife's counsel fees, is misplaced. In *McDonald,* an interim court Order directing husband to pay counsel fees while the proceedings were pending had been entered prior to wife's demise. There, a debt or "fixed obligation" existed. *Id.* at 425, 621 A.2d at 605. Such is not the situation herein. A logical analogy exists where wife incurs a debt via legal representation in a personal injury suit, but dies prior to resolution of the suit. The debt does not pass to husband upon wife's untimely demise, but

becomes a debt of wife's estate. While admittedly the end result of Semmelman's litigation may well be husband's payment of wife's debt, by a reduction of his share of wife's estate, we nevertheless must vacate the Order of October 13, 1995, or risk setting undesirable precedent. Indeed, if a divorce action is abated, thereby divesting the trial court of jurisdiction, a third party cannot proceed against one of the parties to the litigation under the protection or guise of the discontinued caption. Accordingly, we find Semmelman's action to recover fees for services rendered on wife's behalf must be brought in Orphans Court against wife's estate, rather than against husband pursuant to the divorce action.

Based on the foregoing reasons of law and fact, we vacate the Order entered October 13, 1995.

Order vacated.

Jurisdiction relinquished.