J-S04030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY BETH ENGGREN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEFAN L. ENGGREN | : | No. 1328 MDA 2018 |

Appeal from the Order Entered August 3, 2018
In the Court of Common Pleas of York County
Civil Division at No(s): 2015-FC-000932-15,
PACSES 869116178

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.: **FILED AUGUST 02, 2019**

Appellant, Mary Beth Enggren ("Wife"), appeals from the order entered in the York County Court of Common Pleas, which granted the motion of Stefan L. Enggren ("Husband") for special relief and denied Wife's motions for special relief. On appeal, Wife argues that the order violated the divorce code and improperly impaired the interests of a third-party secured creditor. For the reasons discussed below, we vacate the order of August 3, 2018, and remand with instructions.

As the parties are well acquainted with the facts and procedural history of this case, we do not restate them in detail. We briefly note that Husband and Wife married in August 2001 and separated in May 2015. Husband, who is disabled, left the marital residence and moved to California. By agreement of the parties, Wife's health insurance policy covers Husband. Wife remained,

_____
* Former Justice specially assigned to the Superior Court.

and wishes to remain, in the marital residence, which is subject to multiple mortgages.

On December 12, 2017, Husband filed a petition for special relief, alleging that Wife misappropriated the funds from his insurance reimbursements for medical treatments and used them for her monthly mortgage payments and other personal expenses. *See* Petition for special Relief, 12/12/2017, at unnumbered pages 1-3. Husband sought repayment of the funds and counsel fees. *See id.* at unnumbered page 3.

By order of January 12, 2018, the trial court ordered Wife to sign a release to allow Husband to obtain all information from the insurance company regarding the monies she received. Order, 1/12/2018, at 1-2. The court also directed that Wife reimburse Husband and/or the healthcare providers within 90 days. *Id.* at 2.

In February 2018, Wife filed a petition for special relief and an amended petition for special relief. In both petitions, Wife complained that Husband was not paying his share of the marital debt, and sought an order redistributing the debt. *See* Petition for Special Relief, 2/09/18, at 6; Amended Petition for Special Relief, 2/21/18, at 2.

By order of February 21, 2018, the trial court scheduled a hearing on April 12, 2018, and directed Wife to bring all documentation with her regarding

the marital residence.[1]  Order, 2/21/2018, at 1.  The court warned Wife that it might direct her to sell the residence if she could not come up with a "reasonable plan."  *Id.* at 2.  The court also directed that both parties file inventories within 30 days.  *Id.*

A hearing took place on April 12, 2018.  The record reflects that Wife still owed money to at least some of Husband's medical providers and believed that she could cash out her retirement savings in order to refinance the home.  *See* N.T. Hearing, 4/12/2018, at 2-37.  However, the record does not specify the exact amounts still owed either to the medical providers or on the residential mortgage.  *See id.*  At the close of the hearing, the trial court gave Wife 90 days to pay all the remaining medical expenses, come to court with a plan to refinance the house, and provide the court and parties with complete financial documentation.  *Id.* at 21, 26-27.

A second hearing took place on July 30, 2018.  At that hearing it became clear that Wife was unprepared and not in compliance with any of the court's previous orders.  *See* N.T. Hearing, 7/30/2018, at 2-55.  Wife had not provided any complete financial documentation, had not completely paid all of Husband's medical providers, and had presented no plan for refinancing the mortgage.  *See id.*  Therefore, the trial court directed that:

---

[1] It is not entirely clear how the marital residence and Husband's desire to have his name removed from the mortgage became central to the proceedings since it was not pled in his petition for special relief filed December 12, 2017.

. . . at this time [W]ife is Ordered to take all reasonable steps for the following:

A deed in lieu of foreclosure, a foreclosure, a short sale, the [c]ourt recognizes that those steps may and most likely will involve that [W]ife will not be paying the mortgage for several months in order to make those viable options. The problems here is not just [W]ife keeping the house. The problem is [W]ife keeping the house such that [H]usband is not obligated for any financial obligation associated with it. Wife has presented no realistic plan that would relieve [H]usband of any financial obligation associated with the residence.

**Furthermore, since she is in violation of the party's [sic] prior agreement in that she was not timely making payments on the mortgage in accordance with the agreement. While it is current now, that is only through essentially destroying [H]usband's credit by failing to apply the insurance proceeds she received to his medical expenses.**

**The [c]ourt does find the fee of $250.00 per hour to be reasonable and given the extensive proceedings that have occurred over a period of several months, as well [as W]ife coming today completely unprepared with any documentation associated with the mortgage payments specifically, the [c]ourt is awarding $4,000.00 in attorney fees to be paid within 30 days from today's date.**

Order, 8/03/2018, at 4-5 (emphasis added). The instant, timely appeal followed.[2]

On October 3, 2018, this Court issued a rule to show cause as to why we should not dismiss this appeal as interlocutory. On October 12, 2018, Wife

---

[2] In response to the trial court's order of August 3, 2018, Wife filed a timely concise statement of errors complained of on appeal on September 6, 2018. On October 9, 2018, the trial court issued an opinion.

- 4 -

filed a response. On October 22, 2018, this Court discharged the rule to show cause and referred the issue to the merits panel.

Preliminarily, we must determine whether the August 3, 2018 order is appealable.

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order. This Court has the power to inquire at any time, *sua sponte*, whether an order is appealable. Pennsylvania law makes clear:
>
>> An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b) ); or (4) a collateral order (Pa.R.A.P. 313).

**Bloome v. Alan**, 154 A.3d 1271, 1273 (Pa. Super. 2017) (internal brackets, quotation marks, and some citations omitted), *appeal denied sub nom.* **Bloome v. Silver St. Dev. Corp.**, 170 A.3d 1005 (Pa. 2017). The order on appeal does not meet the requirements for an interlocutory order by permission nor does it fit into any of the categories that permit an interlocutory appeal as of right. **See** Pa.R.A.P. 311-312.

In her response to this Court's rule to show cause, Wife contends that the August 3, 2018 order is a collateral order pursuant to Pa.R.A.P. 313. [Wife's] Answer to Rule to Show Cause, 10/12/2018, at 3-6. Wife argues the same in her brief. Wife's Brief, at 11-13.

According to Pa.R.A.P. 313(b):

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to

- 5 -

be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

The Supreme Court of Pennsylvania "construe[s] the collateral order doctrine narrowly, and insist[s] that each one of its three prongs be clearly present before collateral appellate review is allowed." **Shearer v. Hafer**, 177 A.3d 850, 858 (Pa. 2018).

In **Fried v. Fried**, 501 A.2d 211 (Pa. 1985), our Supreme Court held that orders granting interim relief in divorce actions are not generally appealable under the collateral order doctrine. **Fried**, **supra** at 216. The **Fried** Court stated:

> In the event that an initial award of interim relief is granted in error, the court has the power to **make adjustments in the final settlement via the equitable division of marital property, permanent alimony, and/or the final award of attorney's fees and costs. Thus, under the [1980] Code the conclusion that a grant of interim financial relief may result in the irreparable loss of a claimed right cannot be supported.** We hold, therefore, that such an order is interlocutory and thus not reviewable until final disposition of the case.

**Id.** (footnote omitted and emphasis added). Thus, the **Fried** Court grounded its decision on the belief that so long as the trial court could remedy any error in interim order in equitable distribution or the final award, the aggrieved party could not immediately appeal the interim order. **Id.** Because of this, this Court has distinguished **Fried** and found orders in divorce granting interim relief immediately appealable under the collateral order doctrine where the interim relief ordered by the trial court will result in irreparable loss that a

court cannot later remedy *via* equitable distribution or a final award. **See McDonald v. McDonald**, 621 A.2d 604, 605 (Pa. Super. 1993), *appeal denied*, 636 A.2d 634 (Pa. 1993).

Here, we find that **Fried** is distinguishable. The relief ordered here, a deed in lieu of foreclosure, a foreclosure, or a short sale, is not one that a court can remedy *via* equitable distribution or a final award. **See McDonald**, **supra** at 605.

Wife wishes to remain in the marital residence and the mortgage is current. In **McMahon v. McMahon**, 706 A.2d 350, 353 n.1 (Pa. Super. 1998), a decision issued over ten years after **Fried**, this Court held that an order granting special relief which required sale of property appealable under collateral order doctrine. In discussing appealability, we stated:

> In **Shazes v. Baltuskonis**, 359 Pa.Super. 599, 519 A.2d 514 (1987), and **O'Brien v. O'Brien**, 359 Pa.Super. 594, 519 A.2d 511 (1987), this Court found that special relief orders arising out of divorce litigation can be interlocutory and therefore not appealable. In the instant case, however, the order granting special relief falls within the exception to the final judgment rule announced in **Cohen v. Beneficial Industrial Loan Corp.**, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Cohen test provides an exception if:
>
> > (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.
>
> **Fried v. Fried**, 509 Pa. 89, 501 A.2d 211 (1985) (citing **Cohen**, **supra**, 337 U.S. at 546, 69 S.Ct. at 1226).

> In the present case, the order requires appellant to sign an agreement to sell off certain property owned by appellant and appellee. **Sale of this property does not affect the rights of the parties in the underlying divorce action. Furthermore, the sale of the property is a final action, one that may not be later changed or modified as the property will belong to someone else. Appellant's right to not be forced to sell that property is therefore both an important right and one that would be irreparably lost if this order were not reviewed until the underlying divorce litigation were final. Therefore, because the instant order falls within the *Cohen* exception to a final judgment, this order is appealable.**

*Id.* (emphasis added).

The instant matter, where the trial court ordered the sale and/or dissipation of Wife's residence is more analogous to the factual scenario in *McMahon* than it is to the award of interim counsel fees in *Fried*. Moreover, as in *McDonald*, the trial court cannot correct any error made in equitable distribution. Thus, we find that, under the *Cohen* exception, this order is immediately appealable as a collateral order.[3] *See Cohen*, *supra* at 546; *McMahon*, *supra* at n.1; *McDonald*, *supra* at 605; *Griffin*, *supra* at 88-89.[4] Thus, we proceed to address the merits of Wife's appeal.

---

[3] Husband does not address the issue of appealability in his brief. While the trial court does argue that this is an improper interlocutory appeal, its argument rests on Pa.R.A.P. 311(a)(2), not Pa.R.A.P. 313. *See* Trial Court Opinion, 10/09/2018, at 5-6.

[4] Furthermore, we note that Pennsylvania Rule of Appellate Procedure 342(a)(6) provides for an appeal as of right of "an order determining an interest in real or personal property[.]" Pa.R.A.P. 342(a)(6). Real estate owned by a decedent is no less unique than real estate owned by parties to a divorce.

- 8 -

Wife argues that the trial court abused its discretion "in ordering her to stop making mortgage payments so her home will go into foreclosure or to short-sell a home that is current on all mortgage payments." Wife's Brief, at 8. We are constrained to agree.

Our standard and scope of review in this case are as follows:

We review a trial court's decision to grant [or deny] special relief in divorce actions under an abuse of discretion standard as follows:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will.

However, our deference is not uncritical. An order may represent an abuse of discretion if it misapplies the law. It is therefore our responsibility to be sure that in entering its order the. . .court correctly applied the law. An order may also represent an abuse of discretion if it reaches a manifestly unreasonable result. This will be the case if the order is not supported by competent evidence. It is therefore also our responsibility to examine the evidence received by the. . .court to be sure that the. . .court's findings are supported by the evidence. Although we will accept and indeed regard ourselves as bound by the. . .court's appraisal of a witness' credibility, we are not obliged to accept a finding that is not supported by the evidence.

When reviewing questions of law, our scope of review is plenary.

*Prol v. Prol*, 935 A.2d 547, 551-552 (Pa. Super. 2007) (internal citations and quotation marks omitted).

Initially, we are sympathetic to the situation in which the trial court found itself. Wife has been uncooperative, argumentative, and duplicitous throughout these proceedings. She has failed to provide financial documentation, failed to repay completely Husband's medical providers, and failed to put forward any viable plan to refinance the marital residence. However, we believe that the trial court's remedy exceeded its discretion.

Here, the emphasized portions of the trial court's August 3, 2018 order read similarly to a finding of contempt rather than a grant of Husband's petition for special relief. *See* Order, 8/03/2018, at 4-5. However, there is no outstanding petition for contempt and the trial court did not make a formal finding of contempt. If the trial court wanted to find Wife in contempt that was within its discretion, as long as the circumstances were appropriate. *See Marian Shop, Inc. v. Baird*, 670 A.2d 671, 672–73 (Pa. Super. 1996). However, if the court wished to do so, it needed to make appropriate findings of fact and conclusions of law within the framework this Court has provided in its prior decisions. *See id.* at 673; *Bold v. Bold*, 939 A.2d 892, 895 (Pa. Super. 2007.

Here, as noted above, we are unable to ascertain when or how removing Husband's name from the residential mortgage became the central concern of proceedings that began with Husband's petition to recoup the insurance

monies misappropriated by Wife. At no point in his December 2017 petition did Husband mention the residence or request that the Court remove his name from the mortgage. In her petition and amended petition for special relief, Wife sought reallocation of that debt between the parties and relief from an agreement that she was solely responsible for the mortgage payments, not removing Husband's name from the mortgage.

Thus, although the trial court **did not** find Wife in contempt of any order, it appears that it tacitly found her in violation of the parties' agreement that she was responsible for the mortgage payments and not the Court's orders of January or April 2018. Thus, it punished her for said violation without actually finding her in contempt. We are unable to discern if the court considered the necessary standards in reaching its decision. Furthermore, the actions the court ordered Wife to take do not directly relate to the condition of either the January 12, 2018 order or the April 12, 2018 order, namely the payment of Husband's medical care providers. We believe this was an abuse of discretion. *See Prol*, *supra* at 551-552.

Accordingly, we will remand the matter for either an order granting solely the relief sought, *i.e.*, a directive ordering Wife to repay the medical bills by a date certain or a properly noticed contempt proceeding.[5] If, after

---

[5] Because of our disposition of Wife's first issue, we need not address her second claim.

appropriate findings of fact and conclusions of law, the trial court finds Wife is in contempt of its January 12, 2018 and April 12, 2018 orders, it is within the court's discretion to set an appropriate purge condition.[6]

Order vacated; case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2019

---

[6] We note that the trial court imposed remedies that could prove ruinous to both parties' credit ratings, even though Husband does not discuss this issue in his Appellee brief.