## Mellon et al. *v.* Singer Sewing Machine Company, Appellant.

Argued March 27, 1942.   Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*D. M. Anderson,* for appellant.

*Wm. S. Yard,* with him *Wallace S. Gourley* and *Bloom & Bloom,* for appellee.

PER CURIAM, April 20, 1942:

In this action to recover damages for personal injuries to the minor plaintiff, who was struck by an automobile belonging to defendant, and operated in its business, no question is raised as to liability. Three propositions are posed to us in defendant's brief; a fourth is suggested by a petition filed.

1. Was there produced by plaintiffs such testimony as, under the pleadings, would justify the trial court in allowing frequency of urination to be considered by the jury as an element of damage?

2. Was there produced by plaintiffs such testimony as would justify the trial court in allowing the jury to consider permanency of frequency of urination as an element of damage?

Defendant's counsel contends that the testimony offered does not convincingly show that frequency of urination by the child, three years and nine months' old at the time of the accident, resulted therefrom, or that it is a permanent condition. The attending physician, Dr. McVitty, called by plaintiffs, gave as his opinion, that the accident was the cause of the condition, creating nervous instability. As to permanency, he said "it may be permanent, it may be a lasting thing, or it may be years." Dr. Mayer, a specialist in mental and nervous diseases, and a professor at the University of Pittsburgh, also called by plaintiffs, testified that the child's condition, in his opinion, is a result of the accident and that it is permanent. Dr. Mitchell, called by defendant, whose qualifications as a neorologist are admitted, said that the father of the child told him, at the time of her examination, that she had occasionally wet the bed prior to the time she was injured, but that "afterwards" it was much worse." He was of opinion that her condition was one commonly found in young children due to functional nervous disturbances and that it would clear up in a year. Under the testimony as we have epitomized it, we think, whether the condition was due to the accident and whether it will be permanent, were for the jury's solution.

3. Prior to oral argument, a petition was presented to us, by defendant, asking that the case be referred back to the court below for the purpose of passing upon the evidentiary value of alleged after-discovered evidence relating to the permanency of the child's condition. This

would necessitate a retrial of the case. We are of opinion that no good purpose would be served by so doing. Particularly is this so in view of the order we shall make.

The fourth proposition of defendant challenges the verdict as excessive. We have carefully read the record, with this consideration in mind, and are convinced, under the evidence, that the verdict is too high. The finding for the father in his own right of $1,000 we shall not disturb, but that for him, as guardian of his minor daughter, of $5,000 is reduced to $4,000, and, as reduced, the two verdicts and judgments are

Affirmed.