609 A.2d 842

**R. Lynn MUELLER, Dennis Buday, Chris Burtner, Thomas Jolly, and Richard McMahon, Appellees,**

**v.**

**Jan ANDERSON and Linda Anderson, his Wife, Appellants.**

Superior Court of Pennsylvania.

Argued April 7, 1992.

Filed June 24, 1992.

Irving M. Green, New Kensington, for appellants.

Joseph M. Kristofik, Tarentum, for appellees.

Before CAVANAUGH, DEL SOLE and BROSKY, JJ.

PER CURIAM:

Jan and Linda Anderson appeal from the trial court order ordering them to pay counsel fees and directing the Sheriff of Westmoreland County to enter their property and remove a pavilion erected by Appellants. Finding no abuse of discretion, we affirm.

On August 10, 1990, a hearing in equity took place, at which time the trial court found Appellants, the defendants in the action, to be in violation of restrictive covenants affecting the River Forest Plan of Lots in Westmoreland County. The offending structure was a three-sided pavilion that Appellants had erected on their lot in the River Forest Plan. The trial court entered an order directing Appellants to remove the structure on or before April 15, 1991, or in the alternative, to incorporate the existing structure into a single family residence built in compliance with the restrictive covenants by that date. Appellants neither removed the pavilion nor exercised the alternative by the date in the order. A contempt hearing was held On July 16, 1991, and the trial court determined that Appellants were unable to demonstrate any disability preventing them from removing the structure. The court found Appellants to be in contempt of the August 1990 order, and then entered the order from which Appellants now appeal.

On appeal from a finding of contempt, this court's inquiry is limited to an examination of whether the trial court committed a clear abuse of discretion. *Estate of Baehr*, 408 Pa.Super. 172, 596 A.2d 803, 805 (1991). A review of the facts reveals that a finding of contempt is indeed the only possibility, given the directives of the order and Appellants' failure to act according to the order within the prescribed time period. A party may only be held in contempt of a court order when it appears that obedience of the court order is within the power of the party being coerced by such order. *Biggan v. Foster Township Zoning Hearing Board*, 272 Pa.Super. 513, 416 A.2d 575 (1979). There is no contempt if the alleged contemnor, without fault on his part is unable to comply with the order, and has in good faith attempted to comply. *Wetzel v. Suchanek*, 373 Pa.Super. 458, 541 A.2d 761 (1988); *Grubb v. Grubb*, 326 Pa.Super. 218, 473 A.2d 1060 (1984). The order in this case was sufficiently definite to put Appellants on notice of what terms they were violating. *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976). Appellants did not choose

the second alternative of incorporating the pavilion into a residence.  Even assuming that Appellants were unable to construct such residence, they nevertheless failed to comply with the other alternative of simply removing the structure from their lot.  Furthermore, Appellants failed to prove either that they were unable to remove the pavilion, or that they had attempted in good faith to remove it.  Therefore, based upon the facts in the instant case, we find no abuse of discretion by the trial court and we affirm the order of the trial court which found Appellants to be in contempt.

Order affirmed.