**Francis McMAHON, Appellant, (at 1593)**

v.

**Patricia McMAHON, Appellee.**

**Francis McMAHON, Jr., Appellant, (at 1698)**

v.

**Patricia McMAHON, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1997.

Filed Jan. 20, 1998.

Barbara G. Scarlata, Media, for appellant.

Stephen P. Patrizio, Philadelphia, for appellee.

Before CIRILLO, President Judge Emeritus and SAYLOR * and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This matter involves the appeals of two orders, one directing appellant to sign a sales agreement and the other for contempt by appellant in refusing to comply with the first order. Appellant filed a direct appeal of

* Judge Saylor did not participate in the decision of this case.

the first order[1] and a petition for habeas corpus. The trial court denied the petition for habeas corpus and appellant filed an Emergency Petition for Writ of Habeas Corpus with the Superior Court. The Superior Court denied the emergency petition and directed the trial court to transmit the record forthwith. The trial court prepared a memorandum opinion setting forth the reasons for the rulings from which appellant takes this appeal.

The parties are husband and wife currently embroiled in a divorce and related litigation. At a hearing on March 21, 1996, the trial judge ordered the parties to sell a commercial property located in Media, Pennsylvania. At that time the parties owned two other properties, namely the marital home, which was in foreclosure, and a rental property, which was not subject to a mortgage. Sale of the commercial property was ordered in an effort to stop foreclosure proceedings against the marital home. Pursuant to this order, the parties signed an agreement listing the building for sale at $850,000. A cash bid of $550,000 was offered for the property. Appellant, however, refused to agree to the sale. Appellee filed a petition for special relief seeking to have the court order appellant to sign the sales agreement.

After hearing evidence, the trial court ordered appellant to sign the sales agreement. Appellant, in open court, refused to sign the sales agreement, thus failing to comply with the court order. Finding appellant in civil contempt, the trial court sentenced him to six months imprisonment and provided that he could purge himself of the contempt by signing the sales agreement.

## I. Emergency Petition for Special Relief

▇ First, appellant contends that appellee was not entitled to a hearing of her special relief petition because there was no emergency. Further, appellant argues that the evidence presented did not establish that the parties needed money, which was the trial court's reason for finding an emergency. Relief pursuant to Pa.R.Civ.P.1920.43 is within the discretion of the trial court. *DeMatteis v. DeMatteis,* 399 Pa.Super. 421, 426, 582 A.2d 666, 669 (1990). This Court will not disturb the trial court's grant of relief absent an abuse of discretion. *Id.*

▇ The trial court concluded from the evidence presented at the petition hearing that an emergency arose out of the need by the parties to obtain money. *McMahon v. McMahon,* No. 93–02464, Court of Common Pleas, Chester County, dated May 27, 1997. Evidence was adduced that the parties were unable to prevent a sheriff's sale of the marital home based on failure to make mortgage payments and that their financial outlook was "far from good." *See id.* This is sufficient evidence to support the trial court's finding that the parties needed money and that such

---

1. In *Shazes v. Baltuskonis,* 359 Pa.Super. 599, 519 A.2d 514 (1987), and *O'Brien v. O'Brien,* 359 Pa.Super. 594, 519 A.2d 511 (1987), this Court found that special relief orders arising out of divorce litigation can be interlocutory and therefore not appealable. In the instant case, however, the order granting special relief falls within the exception to the final judgment rule announced in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Cohen* test provides an exception if:

> (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985) (citing *Cohen, supra,* 337 U.S. at 546, 69 S.Ct. at 1226).

In the present case, the order requires appellant to sign an agreement to sell off certain property owned by appellant and appellee. Sale of this property does not affect the rights of the parties in the underlying divorce action. Furthermore, the sale of the property is a final action, one that may not be later changed or modified as the property will belong to someone else. Appellant's right to not be forced to sell that property is therefore both an important right and one that would be irreparably lost if this order were not reviewed until the underlying divorce litigation were final. Therefore, because the instant order falls within the *Cohen* exception to a final judgment, this order is appealable.

Furthermore, in *Griffin v. Griffin,* 384 Pa.Super. 210, 558 A.2d 86 (1989), this Court held that an order directing husband to dispose of alleged marital assets was appealable as the assets would be dissipated prior to the finalization of the underlying litigation. Similarly, in the instant case, the order in question requiring the sale of the building would irrevocably dispose of that property.

need warranted the granting of special relief under an emergency petition. Because the determination of the trial court is supported by the record, this Court finds no abuse of discretion.

## II. Sales Agreement Exceeding Listing Agreement

Second, appellant argues that he was compelled to sign a sales agreement that exceeded the terms of the listing agreement as stipulated to by the parties. Specifically, appellant complains that the sales agreement did not take into account the equipment in the building as part of the sale, the unreasonable difference in the offered price and the listing price of the property, and the unknown costs of an EPA cleanup that sellers would face under the sales agreement.

■ Again, the granting of relief by the trial court will not be disturbed on appeal absent an abuse of discretion. *DeMatteis, supra.* Additionally, the determinations of fact by the trial court will not be disturbed absent an abuse of discretion. *See Heard v. Heard,* 418 Pa.Super. 250, 258, 614 A.2d 255, 260 (1992).

■ Appellant argues that the equipment in the building should not have been sold as part of the sales agreement because such sale was not part of the original listing agreement. At the hearing, appellant offered no appraisal of the value of the equipment in the building. Rather, appellant simply averred that the equipment was subject to a $50,000 lien for which he has not been keeping up with payments. (N.T., 4/23/97, at 61.) Given the lack of a solid valuation and the impending action against appellant for the lien it is clear that the inclusion of the equipment in the sale of the building is not unreasonable. Furthermore, the $550,000 offer is over $100,000 more than the other offers on the building which did not include purchase of the equipment. This increased price could reasonably be found to cover the purchase of the equipment. Thus, from these facts the trial court did not abuse its discretion in ordering the signing of the sales agreement.

■ Appellant further argues that the sales agreement to sell the building for $550,-000 is unreasonably less than the $850,000 price in the original listing agreement. Much testimony was presented at the hearing, however, that the sales price was the best offer received by over $100,000 and that the listing price was well over the true value of the property. (N.T., 4/23/97, at 38, 43.) Appellant offered no evidence to counter the reduced valuation of the property. Appellant even admitted in an earlier hearing that the $850,000 figure was too high for the building. (N.T., 3/21/97, at 19.) Ample evidence supports the trial court's decision to order the sale at a price much less than the listing price. Thus, the trial court did not abuse its discretion and this Court will not change that decision.

We will not consider appellant's argument regarding the unknown costs of the EPA cleanup because appellant did not offer this information during the hearing. The first mention by appellant as to the costs of an EPA cleanup were made in appellant's Statement of Matters Complained of on Appeal to the trial court. However, appellate review of an issue based on material not raised in the record of the trial court is waived. Pa.R.A.P. 302(a); *see Bunt v. Pension Mortg. Associates, Inc.,* 446 Pa.Super. 359, 369, 666 A.2d 1091, 1096 (1995).

## III. Testimony Regarding New Business

■ Next, appellant argues that the hearing court erred in refusing to consider the evidence provided by him and his brother-in-law as to a new business opened in the building. Just because the hearing court did not render a ruling in appellant's favor, however, does not mean that it did not consider the testimony. To the contrary, the court considered the testimony and found that the actions were taken in an effort to avoid the impending sale of the building. *McMahon, supra.* Such a determination by the trial court will not be disturbed unless the court abused its discretion by not having evidence to support its conclusion. *DeMatteis, supra; Heard, supra.* Additionally, the credibility of the witnesses and of the testimony is to be determined and weighed by the factfinder.

*E.g., Commonwealth v. Torres,* 396 Pa.Super. 499, 504, 578 A.2d 1323, 1326 (1990).

 Testimony revealed that appellant did not reopen the business until a couple of days prior to the hearing. (N.T., 4/23/97, at 63.) Additionally, the trial court did not view appellant's testimony as credible. The timing of the venture, as well as the court's finding appellant incredible, supported the ultimate determination that the reopening of the business should not impact upon the ordering of the sales agreement. With such evidence supporting its determination, the trial court did not abuse its discretion.

### IV. Appellant's Buyout Offer

 Appellant next contends that the court erred in failing to consider appellant's offer to buyout appellee's interest in the building. The determination as to the buyout offer will not be disturbed if shown to be an abuse of discretion supported by the evidence. *See DeMatteis, supra; Heard, supra.* Appellant goes through many mathematical calculations in his brief to show that his proposed buyout would be in appellee's financial interest and a better alternative to the ordered sale of the building. Appellant's brief at 13–14. Evidence presented at the hearing, however, showed that appellant's offer was proposed for the first time at the hearing and that his loan inquiry with the bank was rather insufficient because he never gave the bank an amount for the loan. (N.T., 4/23/97, at 109.) This evidence, coupled with the court's finding appellant incredible, supports the conclusion that his proposal lacked merit and was but a ploy to avert the sale of the building. Therefore, the determination of the trial court not to accede to appellant's buyout offer is proper.

### V. Hearsay Testimony

Appellant complains of the admission of hearsay testimony by the realtor at the hearing. In his brief, appellant states that he objected to the introduction of the realtor's testimony that he had spoken with the potential buyers and they remained interested and two letters indicating the buyers' interest in continuing with the sale. Appellant's brief at 15. Appellant then claims that the court "overruled the objection in contravention of the rules of evidence." *Id.* A review of the record, however, indicates that the judge actually sustained the renewed objection to the testimony regarding the buyers' intention of continuing with the sale. (N.T., 4/23/97, at 36.) As to the two letters indicating the buyers' continuing interest, they were never admitted into evidence. Therefore, there is no admission of evidence to review for error.

### VI. Remand for Introduction of New Evidence

Appellant also argues for a remand to the trial court for the introduction of evidence regarding the financial need of the appellee, the amount of his support arrearages in Delaware County, and the cost of the EPA cleanup. It should be noted that in the order granting appellant's stay pending appeal and for release pending the outcome of this appeal, the Superior Court denied without prejudice appellant's application for remand in order to introduce new evidence. *McMahon v. McMahon,* No. 1698 Philadelphia 1997, Superior Court, dated June 12, 1997. The Superior Court allowed appellant to seek remand from this panel handling the underlying appeal but limited appellant to "newly acquired evidence pertaining to the environmental conditions on the property." *Id.* Despite this limitation in the court order, this Court will review appellant's request for remand regarding all three issues.

 Appellant complains that the testimony regarding arrearages was inaccurate. Appellant himself raised the issue when he introduced evidence of appellee's failure to pay any money towards the mortgage or taxes of the building in controversy. (N.T., 4/23/97, at 102–107.) Evidence was admitted that showed appellant had $19,000 in arrearages from Delaware County. (N.T., 4/23/97, at 119.) Appellant also claims that evidence regarding an inheritance by appellee should be considered in the court's determination of monetary needs to support the granting of special relief. The trial court, however, did accept evidence as to the financial need of appellee and that evidence supported a conclusion that she was in need. At the hearing,

appellant did not make any attempt to offer different information or challenge the accuracy of the evidence submitted as to these issues. This proposed new evidence offered by appellant was information within his knowledge at the time of the hearing and did not surface after the hearing had concluded. Because appellant failed to introduce this information during the hearing it may not now be considered, as appellant is deemed to have waived it. Pa.R.A.P. 302(a); *see Bunt, supra.*

Furthermore, appellant argues that remand should be granted to introduce the evidence of the EPA cleanup costs. Again, appellant did not submit any information about this issue to the trial court. Additionally, the execution of an Addendum to the Agreement of Sale provides that the seller retains the right not to undertake any environmental cleanup. This option allows sellers to avoid incurring unreasonable expense cleaning up the property for the sale. Thus, appellant's proffered evidence has no significance in light of the addendum. This Court will not remand for further evidence if "no good purpose would be served by so doing." *Mellon v. Singer Sewing Machine Co.,* 344 Pa. 390, 392, 25 A.2d 807, 808 (1942).

Appellant had ample opportunity at the hearing to present the evidence he now wishes to have introduced on remand. Appellant's current efforts are untimely. Additionally, the introduction of this proposed evidence would unlikely change the determination of the trial court. This case will not be remanded to have this information introduced into evidence.

### VII. Contempt

Appellant also appeals the order of contempt for which he was incarcerated for disobeying the court order to sign the sales agreement. Appellate review of the finding of contempt will be limited to deciding whether the trial court abused its discretion. *Mueller v. Anderson,* 415 Pa.Super. 458, 459–61, 609 A.2d 842, 842–43 (1992); *Goodman v. Goodman,* 383 Pa.Super. 374, 397, 556 A.2d 1379, 1391 (1989).

Appellant claims that the correct procedures were not used in finding him in contempt. Appellant points to a five-step process that a court must follow when holding someone in civil contempt. Namely, the court must undertake: "1) a rule to show cause why an attachment should not issue, 2) an answer and hearing, 3) rule absolute (arrest), 4) a hearing on contempt citation, and 5) an adjudication of contempt." *Crislip v. Harshman,* 243 Pa.Super. 349, 352, 365 A.2d 1260, 1261 (1976).

In outlining the five-step process, the *Crislip* Court stated that despite using "nomenclature ascribed to the various hearings ... inconsistent with the rules" the hearings conducted, when examined, can comply with the requirements. *Id.* 365 A.2d at 1262. In *Crislip,* the trial court issued the order after hearing evidence, gave the contemnor an opportunity to purge himself of the contempt by fulfilling a condition, and set a date for a second hearing to finally adjudicate the contempt. *Id.* The *Crislip* Court felt this adequately complied with the required five-step process. Additionally, it must be noted that when contempt is "committed in its presence the court may, in punishing the offender, act of its own knowledge without further process, proof, or examination." *Appeal of Levine,* 372 Pa. 612, 618, 95 A.2d 222, 225 (1953).

In the instant case, the trial court ordered appellant to sign the sales agreement after hearing the evidence. The court provided that appellant could purge himself of the contempt by signing the agreement. Finally, appellant's contempt occurred in front of the court. After ordering the signing of the sales agreement the judge asked appellant to sign the order in open court. Appellant refused to sign the sales agreement, stating that "Your Honor, this is the first time I've disobeyed a court order. No, I will not sign it, sir. I'm sorry; I will not. I know I'm right, what I[sic] doing." (N.T. 4/23/97, at 151.)

These transactions before the trial court, although not called the same names as the required five-step process, were in substance the equivalent. Therefore, while the actions taken by the trial court in name did not meet

the required five-step process, in substance the finding of contempt met the necessary standard. Thus, the trial court did not err in finding appellant in contempt.

This Court finds no relief warranted by appellant's contentions and affirms the trial court's orders.

**Orders affirmed.[2]**

---

**2.** We note that appellee argued that the appeals should be quashed because of appellant's failure to provide a complete reproduced record and providing extraneous documents within the reproduced record. We point out to appellant, and others who may come before this Court, that "in appropriate cases we will not hesitate to impose sanctions," for such conduct in contravention of the Pennsylvania Rules of Appellate Procedure. *Rappaport v. Stein*, 351 Pa.Super. 370, 374, n. 1, 506 A.2d 393, 395, n. 1 (1985). Again, this Court admonishes appellant for blatantly trying to sway this Court by the exclusion of relevant portions of the record and the inclusion of clearly impermissible documents in the reproduced record.