J-A12001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

DIANNE SEAMAN,

        Appellant

        v.

GUY W. PETERY,

        Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1059 MDA 2014

Appeal from the Order June 2, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 08-9071

BEFORE:  BOWES, DONOHUE AND ALLEN, JJ.

MEMORANDUM BY BOWES, J.:           **FILED JUNE 17, 2015**

Dianne Seaman ("Wife") appeals *pro se* from the June 2, 2014 order requiring her to execute an agreement of sale for real estate and permitting the Prothonotary of Berks County to sign the agreement if Appellant failed to do so.[1]  We affirm.

Wife filed this divorce action on July 10, 2008, against Guy W. Petery ("Husband").  The parties were married on December 27, 1997.  By stipulated order dated February 2, 2009, Wife was enjoined from entering the marital residence located at 280 Nafzingertown Road, Mohrsville.  She

---

[1] The proceeds of the sale were ordered to be placed into escrow.

nevertheless resumed living there sometime thereafter. Husband moved to Virginia.

The divorce action languished for a number of years but was re-ignited when Husband filed a petition for special relief seeking to compel Wife to execute an agreement of sale for the marital residence that had been negotiated by a real estate broker and signed by Husband's power of attorney. A hearing was held on the petition. The trial court had appointed a guardian *ad litem* for Husband due to its concern about Husband's competency to appear on his own. The guardian was present at the hearing, along with Husband's son, who held his power of attorney.

At the hearing, Wife represented that her "concern here is whether [Husband] is consenting to all of this." N.T. 6/2/14, at 6. She maintained that she had spoken with Husband and that "he's not in agreement with this. There are issues as to his capacity." **Id**. Wife indicated that she was "not opposed to selling the property" and that she was "just concerned that [Husband] is not aware of what's going on and what's happening." **Id**. She said that she was refusing to execute the sales agreement based solely upon her belief that Husband opposed the negotiated sale and did not want a divorce. She also reported that Husband wanted to revoke the power of attorney that he had given to his son.

Husband testified at the hearing and contradicted each of Wife's assertions. Husband answered all questions cogently, and he was aware

- 2 -

that he had a daughter and a son, where they lived, and where he lived. He also was able to relate the events surrounding a recent visit by Wife to Virginia. During that visit, Wife removed Husband from his home and took him first to the beach in Virginia and then back to the marital home Pennsylvania. Husband articulated that he had not wanted to go to Pennsylvania and told Wife of this desire. Husband then contacted his neighbor, who was also the proposed buyer of the property under the agreement of sale, and told him that he wanted to go home to Virginia. That neighbor removed Husband from the marital home and arranged to have Husband returned to his home.

When asked if he wanted to sell his marital home in Pennsylvania, Husband responded, "Yes, I want to sell." *Id*. at 61. Husband verbalized his assent to the sale negotiated by the real estate agent. Husband also testified that he wanted a divorce. *Id*. at 64. The guardian *ad litem* indicated that he had spoken with Husband, and the guardian confirmed that Husband wished to sell the property to his neighbor under the terms contained in the agreement of sale executed by Husband's power of attorney.

The trial court thereafter granted Husband's petition, ordered Wife to execute the sales agreement, and allowed the prothonotary to sign it if Wife refused. This appeal followed. Wife raises these positions:

1. Given that the order is for sale of property, if the review is postponed until final judgment in this case, the claim will be irreparably lost. Due to as yet unresolved pending issues: all addressed in Appellant's Response to Judge Bucci's Statement in lieu of Memorandum Opinion and Concise Statement of Errors Complained About in Appeal.

a. Mental Competency of appellee

b. Inappropriate Role of appellee's son in this divorce proceeding

c. Appellee's son's questionable POA

d. Right of property owners to sale property without their personal lives being inappropriately intruded upon, or owner's dementia being taken advantage of by potential buyers listed on sales agreement.

e. Appellant's right to market property prior to accepting first offer.

f. Unusual nature of divorce due to appellee's son's interference in the marriage.

Appellant's (unnumbered) brief at 3.

Husband has filed two motions. He first seeks dismissal of this appeal due to the late filing of the brief. Wife was granted until December 11, 2014 to file her brief and it was received eleven days late, on December 30, 2014. We decline to dismiss the appeal based solely upon this slight filing delay.

Husband also maintains that this appeal must be dismissed since it was filed from an interlocutory order. As noted, in her first issues on appeal, Appellant insists that we have jurisdiction since the interlocutory order is a collateral order under Pa.R.A.P. 313. There is precedent for this proposition so we decline to quash this appeal. *McMahon v. McMahon*, 706 A.2d 350

(Pa.Super. 1998) (holding that order directing husband in divorce action to execute an agreement of sale for marital property was a collateral order).

More problematic, however, is the contents of the document that Wife has filed as her brief. It does not contain a delineated argument section. Instead, Wife appears to be advancing her positions in a section entitled "Concise Statement of Errors Complained of in Appeal." Appellant's (unnumbered) brief at 11. This portion of Wife's brief is primarily a rambling diatribe concerning her stepson's role in this divorce case and her Husband's competence.

Wife presents two challenges actually pertinent to the propriety of the order, which concerns the fact that the trial court ordered Wife to sign the agreement of sale, currently on appeal. She suggests that the offer outlined in the agreement that she refused to sign was less than the fair market value of the marital home. Appellant's (unnumbered) brief at 13. She also maintains that she should have been permitted to market the property longer before accepting the deal in question. These positions are waived since they were not raised before the trial court. "It is axiomatic that, to preserve an objection for appeal, the objection must be raised before the trial court." *Tecce v. Hally*, 106 A.3d 728, 732 (Pa.Super. 2014); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Wife complains about her attorney's deficit in this respect; however, an attorney can waive an issue on behalf of

a client when the attorney fails to assert it on his client's behalf before the trial court. *Law Office of Douglas T. Harris, Esquire v. Philadelphia Waterfront Partners, LP*, 957 A.2d 1223 (Pa.Super. 2008).

Wife's remaining claims were preserved. She avers that Husband was incompetent to execute the agreement of sale; he did not assent to the sale; Husband's son is improperly inserting himself into the divorce proceeding; the son's power of attorney is invalid since Husband wanted to revoke it; and the proposed buyers, who were her neighbors, had inappropriately interfered in her personal affairs by driving Husband back to his home in Virginia. However, Wife fails to cite to a single legal authority in support of her claims, which also have no apparent relation to relieving her of the obligation to sign the sales agreement. As we noted in *In re Estate of Whitley*, 50 A.3d 203, 209-10 (Pa.Super. 2012) (citations omitted):

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*See also In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa.Super. 2013) (citation omitted) (noting that "mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter"); Pa.R.A.P. 2119(a) (argument portion of brief must contain discussion and citation to pertinent authorities). Hence, these issues are also waived.

Guy Petery's December 30, 2014 Application to Dismiss based upon the late filing of Appellant's brief is denied. Guy Petery's January 8, 2015 Amended Application to Dismiss this appeal as interlocutory is denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/17/2015